## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
John Doe,                                :
                                         :
                       Plaintiff,       :
   v.                                    : **No. 19-cv-358-JS**
                                         :
                                         :
University of the Sciences,              :
                                         :
                      Defendant.       :
_____:

## **ORDER**

      AND NOW, this ____ day of _____, 2019, upon consideration of the Motion of Plaintiff, John Doe, for Preliminary Injunction, the Memorandum of Law of Defendant, USciences, in Opposition to Plaintiff's Motion, and the evidence presented at the hearing before this Court on January 28, 2019, it is hereby **ORDERED** that Plaintiff's motion is **DENIED**.

 

                                                   _____

                                                   The Hon. Juan R. Sanchez

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Doe, | : |
| Plaintiff, | : |
| v. | : **No. 19-cv-358-JS** |
| University of the Sciences, | : |
| Defendant. | : |

**MEMORANDUM OF LAW OF DEFENDANT, UNIVERSITY OF THE SCIENCES, IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

After a full and thorough investigation, Plaintiff was found responsible for two separate acts of engaging in nonconsensual sex with two victims. Nevertheless, Plaintiff seeks the extraordinary remedy of a preliminary injunction that allows him to immediately return to school at the University of the Sciences ("USciences"), where both victims are still in school. As will be shown at the hearing scheduled on January 28, 2019, Plaintiff cannot meet his heavy burden of showing that he is entitled to a preliminary injunction.

A temporary restraining order is an "extraordinary form of relief, designed to temporarily maintain the status quo (generally for 14 days, and on rare occasions for longer) while the parties prepare to litigate the issues on a motion for a preliminary injunction." Citibank N.A. v. Kyle, No. 15-3298, 2015 U.S. Dist. LEXIS 77504, *6 (E.D. Pa. June 16, 2015), quoting Pileggi v. Aichele, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012). A preliminary injunction, too, is an "extraordinary remedy" and "should be

granted only in limited circumstances."  Id., quoting Kos Pharms., Inc. v. Andrix Corp., 369 F.3d 700, 708 (3d Cir. 2004).  To obtain a preliminary injunction, the moving party must prove: (1) "a reasonable probability of eventual success in the litigation," (2) a probability of immediate irreparable injury if the injunction is not granted, (3) that granting an injunction will not cause even greater harm to the other party, and (4) that granting the injunction is in the public interest.  Doe v. Princeton Univ., No. 18-16539, 2019 U.S. Dist. Ct. LEXIS 4449 (D.N.J. Jan. 9, 2019), citing Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017).  To prove probable success on the merits, a plaintiff must make a showing "significantly better than negligible."  Reilly, 858 F.3d at 179.  The plaintiff must make a "clear showing of immediate irreparable harm" in the absence of a preliminary injunction.  Id.; Doe v. Princeton, 2019 U.S. Dist. LEXIS 4449, at **14-15.

     Plaintiff is not likely to succeed on the merits of this case.  He takes issue with the actions taken by USciences in investigating the two complaints of sexual assault.  His main gripes are (i) that only one investigator conducted the investigation of both complaints, (ii) he did not have the ability to cross-examine the complainants, and (iii) he did not have notice or an opportunity to defend himself against the allegations of sexual assault.  Plaintiff, however, cites to no Third Circuit law that prohibits a single-investigator model for Title IX investigations, nor could he, as none exists.  Plaintiff also cites to no Third Circuit case law requiring a live hearing or the right to cross-examination.  See also Doe v. Princeton, 2019 U.S. Dist. LEXIS 4449, at **19-20 ("Plaintiff cites no authority showing that the Third Circuit or this Court has adopted the same reasoning [requiring cross-examination] and the Court cannot identify any precedent showing the same.").)  Plaintiff's heavy reliance on the Department of

2

Education's proposed rules that address the right to cross-examine are misguided, as the proposed DOE regulations are not law and have no binding effect on this Court. Doe v. Princeton, 2019 U.S. Dist. LEXIS 4449, at *15 ("proposed regulations… have no legal effect"), *24 ("the Proposed Regulations are merely proposals and do not have the force of law").

Significantly, as will be shown at the hearing on the motion for preliminary injunction, USciences followed its robust Title IX policy, acting swiftly, decisively, and fairly at every step.  Plaintiff had multiple opportunities to participate in the investigation, suggest additional witnesses to be interviewed, and review the investigator's findings and reports, and he availed himself of those opportunities.  Failure to show a likelihood of success on the merits is fatal to Plaintiff's request for relief.

Plaintiff must also prove that he will suffer immediate irreparable harm in the event the injunction is not entered.  Even if Plaintiff is able to make a "clear showing" of potential irreparable harm – which is denied – this Court must balance the harms of all parties involved in this case.  To allow Plaintiff to return to the USciences campus, where he is likely to see both of the complainants on the University's small campus and is even registered for a class with one of the complainants, would cause significant harm to both the complainants and to the University.  The complainants are entitled to pursue their education in an environment free from sexual assault and free from the trauma, stress, anxiety, and re-victimization of seeing their abuser on campus.  See, e.g., Marshall v. Ohio Univ., No. 2:15-cv-775, **25-26 (S.D. Ohio Mar. 13, 2015) (denying the motion for preliminary injunction and holding that the balance of the harms weighed in favor of denying the injunction when the victim and the plaintiff would be

placed in close proximity and the victim "can rightfully expect to pursue her education in an environment free from the harassing behavior of a fellow student").  In addition, the University would suffer harm (reputational and otherwise) if forced to allow Plaintiff to return to campus after a thorough investigation found him responsible for two separate acts of sexual assault.  The public interest is also served by protecting victims of sexual assault from being revictimized every time they see their abuser on campus, allowing victims of sexual assault to pursue their education free of such revictimization and trauma, and by allowing universities like USciences to enforce its policies against sexual assault.

     For the foregoing reasons and the reasons addressed at the hearing on January 28, 2019, Defendant, USciences, respectfully requests that this Court deny Plaintiff's motion for a preliminary injunction.

                               Respectfully submitted,

                               **TUCKER LAW GROUP, LLC**

Date: January 28, 2019          /s/ Leslie M. Greenspan
                                              Leslie M. Greenspan, Esquire
                                              Attorney ID No. 91639
                                              Ten Penn Center
                                              1801 Market Street, Suite 2500
                                              Philadelphia, PA 19103
                                              (215) 875-0609
                                              Attorneys for Defendant,
                                              University of the Sciences

**CERTIFICATE OF SERVICE**

    I, Leslie M. Greenspan, Esquire certify that on this date, I caused a copy of the foregoing document to be electronically filed through the Court's ECF System and that a notice of electronic filing will be generated to the following counsel of record, thereby constituting service of the document:

Riley H. Ross, III, Esquire<br>
Two Penn Center<br>
1500 JFK Boulevard, Suite 1525<br>
Philadelphia, PA 19102<br>
Attorney for Plaintiff, John Doe

**TUCKER LAW GROUP, LLC**

Date: January 28, 2019

/s/ Leslie M. Greenspan
Leslie M. Greenspan, Esquire