IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-358 |
| | : | |
| UNIVERSITY OF THE SCIENCES | : | |

# ORDER

AND NOW, this 18th day of July, 2019, upon consideration of Defendant University of the Sciences' Motion to Seal Exhibit 2 to Motion to Dismiss the Amended Complaint, in which Plaintiff John Doe has joined, it is ORDERED the parties are DIRECTED to file supplemental letter briefs of no more than 5 pages addressing the Third Circuit's decision in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662, 672-73 (3d Cir. 2019) on or before July 25, 2019.[1]

---

[1] On April 15, 2019, Plaintiff John Doe filed an Amended Complaint in the above-captioned matter, alleging violations of state and federal law in connection with his expulsion by Defendant University of the Sciences after an internal investigation. The University moved to, attaching the written report of its investigator (the Report) to the motion. The University also moved to seal the Report. The Court subsequently ordered briefing to aid its weighing of the factors outlined in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

One day before the *Pansy* briefing was due, however, the Third Circuit issued its opinion in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, holding that *Pansy* applies to requests for protective orders in discovery, and that an "analytically distinct" inquiry applies to motions to seal "judicial documents," i.e., documents filed with the Court (as opposed to those produced in discovery). 924 F.3d 662, 672-73 (3d Cir. 2019). Specifically, the Third Circuit held that judicial documents are subject to a "strong presumption" of openness which may only be overcome if the Court articulates "the compelling, countervailing interests to be protected, make[s] specific findings on the record concerning the effects of disclosure, and provide[s] an opportunity for interested third parties to be heard." *Id.* at 672-73 (internal quotation marks and citation omitted). "Specificity is essential," and "broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673.

At this stage, the record before the Court is inadequate to satisfy the more fact-intensive inquiry required by *Avandia*. Rather than deny the motion to seal, however, the Court directs the parties to file supplemental letter briefs (either jointly or separately) describing, the *specific* privacy interests and harm that would rebut the presumption of openness presently attached to the Report.

BY THE COURT:


<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, C.J.