IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-358 |
| | : | |
| UNIVERSITY OF THE SCIENCES | : | |

## ORDER

AND NOW, this 31st day of July, 2019, upon consideration of Defendant University of the Sciences' Motion to File Under Seal Exhibit 2 to Defendant's Motion to Dismiss the Amended Complaint, Plaintiff John Doe's May 15, 2019, and July 25, 2019, letter briefs in opposition thereto, the University's May 9, 2019, and July 25, 2019, letter briefs in support thereof, and the parties' presentations at the July 10, 2019, oral argument on the Motion, it is ORDERED:[1]

---

[1] On April 15, 2019, Plaintiff John Doe filed the Amended Complaint in the above-captioned matter, alleging violations of federal and state law in connection with his expulsion by Defendant University of the Sciences. The University moved to dismiss the Amended Complaint (which the Court granted on July 29, 2019) and attached as Exhibit 2 to its motion a copy of its investigator's written report (the Report). The Report and its attachments consist of, inter alia, (1) a written description of the investigation and the investigator's conclusions, (2) notes of interviews conducted by the investigator with Doe, his two accusers Jane Roe 1 and Jane Roe 2, and (3) impact statements written by Doe, Roe 1, and Roe 2. The University moved to seal the Report at the time it filed its Motion to Dismiss. The Court ordered additional briefing on the Motion to Seal on May 2, 2019, and July 18, 2019.

While Doe's Motion to Seal was pending, the Third Circuit issued its opinion in *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019). The decision clarified the standards applicable to requests for various types of sealing relief. Pertinent here, the Court distinguished protective orders sought in the course of discovery, which are subject to review under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), from "judicial documents," i.e., documents filed with the Court *id.* 672-73 (3d Cir. 2019). The Third Circuit held that judicial documents are subject to a "strong presumption" of openness, which may only be overcome if the Court articulates "the compelling, countervailing interests to be protected, make[s] specific findings on the record concerning the effects of disclosure, and provide[s] an opportunity for interested third parties to be heard." *Id.* at 672-73 (internal quotation marks and citation omitted). "Specificity is essential," and "broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673.

The Report, as an exhibit to a motion to dismiss, is a "judicial document" subject to *Avandia*'s "strong presumption" of public access. Notwithstanding that the Report is already anonymized, the University argues this presumption is rebutted, and thus its entitlement to seal the document in its entirety established, by the need "(i) to protect the privacy interests of all 12 students [referenced in the Report]; (ii) to avoid embarrassment to the two Complainants of sexual assault; and (iii) to prevent chilling future complainants from bringing such claims for relief forward." University Br. in Supp. of Mot. to Seal, July 25, 2019, ECF No. 34. These are legal conclusions which the University has largely failed to support with the specific examples or articulated reasoning required by *Avandia*.

With regard to its first and third arguments, post-*Avandia*, the University's motion to seal needed to describe in detail the contours of the claimed privacy interests of the 12 students referenced in the Report or provide some evidence to support its hypothesis that disclosure would deter victims from lodging complaints in the future. The University did neither of these things, and, as a result, relief is denied to the extent it is premised on the need to protect the privacy of all twelve witnesses and prevent a chilling effect.

The Court is, however, persuaded that the need to protect Doe, Roe 1, and Roe 2, from serious harm rebuts the presumption of openness attached to Exhibits S, T, and U. These exhibits consist of impact statements written by Doe, Roe 1, and Roe 2 and recount—in intimate detail—the impact of the alleged assaults and subsequent disciplinary process on each of their mental and physical health. These documents are not formal health records, but the Court nevertheless finds that these exhibits contain detailed information that is "the kind of information that courts will protect" and that their publication would work a "defined and serious injury" to these students, i.e., a possible reaggravation of the trauma described in those documents (which, the Court notes, appears to have had a serious and overwhelmingly negative impact on all three individuals). *Avandia*, 924 F.3d at 672. Thus, the Court finds that there is a compelling interest in sealing Exhibits S, T, and U.

The Court notes further that the public's interest in openness is weaker with respect to Exhibits S, T, and U, as compared to the rest of the Report. This action concerned the University's response to Roe 1 and Roe 2's allegations against Doe, to which the Report and Exhibits A through R are central—and not the subsequent disruption to the lives of Roe 1, Roe 2, and Doe, which is recounted in Exhibits S, T, and U. Although the Court in no way minimizes the difficulties these students have encountered in the wake of the incidents at issue, such details are not necessary to understanding the Court's decision to dismiss this matter, and thus the Court finds that the public's interest in Exhibits S, T, and U is less compelling than its interest in the Report and Exhibits A through R. Balancing this weaker interest against the Court's conclusion that release of this information is likely to cause serious harm to Roe 1, Roe 2, and Doe by reaggravating their traumas, the Court finds the presumption of openness attached to these aspects of the Report is rebutted, and the Court grants the Motion to Seal insofar as it applies to Exhibits S, T, and U.

In light of the foregoing, the Court directs the University to file the version of the Report of Investigation and Exhibits A through R (D_00001 through D_00122) provided to the Court on July 25, 2019, on the publicly available docket. Exhibits S, T, and U to the Report (D_00123 through D_00131) shall remain under seal.

1.  The Motion (Document 24) is DENIED insofar as it applies to the Report of Investigation itself and Exhibits A through R (D_00001 through D_00122). The University shall file the version of the Report and the Exhibits it provided to the Court on July 25, 2019, on the publicly available docket;

2.  The Motion is GRANTED insofar as it applies to Exhibits S, T, and U to the Report (D_00123 through D_00131), which shall remain UNDER SEAL; and

3.  The University's obligation under Paragraph (1) of this Order is STAYED until August 8, 2019. In the event the University, Doe, or any interested third party moves for reconsideration of this Order on or before the August 7, 2019, deadline, the University's obligation under Paragraph (1) of this Order shall be further STAYED pending disposition of any such motion.[2]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[2] Given the sensitivities of the information to be published, the Court will provide up and through August 7, 2019, for the University, Doe, or any interested third party to seek reconsideration. In the event no such motion is filed, the University is directed to comply with its obligations on August 8, 2019. If a motion for reconsideration is received, however, the University's obligation to publish the Report and Exhibits A through R shall be stayed until such motion is resolved.