**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| John Doe, | : |
| | : |
| Plaintiff, | : **No. 19-cv-358-JS** |
| | : |
| v. | : |
| | : |
| University of the Sciences, | : |
| | : |
| Defendant. | : |

## ORDER

AND NOW, this ___ day of _____, 2020, upon consideration of the Motion of Plaintiff, John Doe, for Temporary Restraining Order and Preliminary Injunction (doc. 58), the Response of Defendant, University of the Sciences, in Opposition to Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's Reply Brief, and the argument and evidence presented to this Court on August 26, 2020, it is hereby **ORDERED** that Plaintiff's motion is **DENIED**. IT IS FURTHER **ORDERED** that Defendant's Cross-Motion to Stay Litigation Pending the Outcome of the University Hearing is **GRANTED**.

_____
The Hon. Juan R. Sánchez
Chief Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Doe, | : |
| | : |
| Plaintiff, | : **No. 19-cv-358-JS** |
| | : |
| v. | : |
| | : |
| University of the Sciences, | : |
| | : |
| Defendant. | : |

### **[ALTERNATIVE] ORDER**

AND NOW, this ___ day of _____, 2020, upon consideration of the Motion of Plaintiff, John Doe, for Temporary Restraining Order and Preliminary Injunction (doc. 58), the Response of Defendant, University of the Sciences, in Opposition to Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff's Reply Brief, and the argument and evidence presented to this Court on August 26, 2020, it is hereby **ORDERED** that Plaintiff's motion is **GRANTED**.  IT IS FURTHER **ORDERED** that Plaintiff shall post a bond of $1,000,000 within seven (7) days of this Order.

_____
The Hon. Juan R. Sánchez
Chief Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Doe, | : |
| Plaintiff, | : **No. 19-cv-358-JS** |
| v. | : |
| University of the Sciences, | : |
| Defendant. | : |

**RESPONSE OF DEFENDANT, UNIVERSITY OF THE SCIENCES, IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION, AND CROSS-MOTION TO STAY LITIGATION <u>PENDING THE OUTCOME OF THE UNIVERSITY HEARING</u>**

**I.     INTRODUCTION**

This Court previously denied Plaintiff's first Motion for Temporary Restraining Order or Preliminary Injunction and dismissed this case in its entirety with prejudice. (Docs. 13, 14, 36, and 37.) Following an appeal to the Third Circuit on only two claims,[1] Plaintiff again seeks injunctive relief so that Plaintiff can be immediately reinstated as a student at USciences. The core of the Third Circuit's opinion was that the University should have given Plaintiff a hearing in order for its process to be "fair." Contrary to Plaintiff's belief, the Third Circuit neither exonerated Plaintiff from the underlying acts of

---

[1] On appeal, Plaintiff pursued only his Title IX selective enforcement claim and breach of contract claim. As a result, none of the other claims originally asserted in the Amended Complaint are or will be before this Court. For the same reasons, also no longer before this Court are, among others, (i) any issues related to the notice Plaintiff claims he did or did not receive of the allegations against him, and (ii) the alleged failure to provide Plaintiff with access to the precise evidence against him. (<u>E.g.</u>, Amended Complaint (doc. 19) at ¶¶ 116(1), 116(3).)

sexual misconduct, nor did it direct that Plaintiff be immediately reinstated as a student at the University.

USciences stands ready, willing, and able to provide Plaintiff with a hearing under its new Sexual Misconduct Policy, implemented in accordance with Title IX's new regulations, which were effective August 14, 2020.  That hearing is scheduled for September 10, 2020.  Yet, emboldened by a favorable Third Circuit decision, a hearing is no longer enough for Plaintiff.  Now, on an "emergency" basis, he in effect seeks a complete exoneration from any wrongdoing and an immediate return to school, as if the underlying acts and allegations of sexual misconduct never existed.

There is no actual "emergency" present here that warrants a preliminary injunction or a temporary restraining order.  Plaintiff has, at this point in time, been out of school for 19 months, since January 2019.  Plaintiff's own Complaint and testimony from the first preliminary injunction hearing confirms that Plaintiff was in his last semester of school at the time he was expelled, leaving one semester to complete in order to graduate.  At least one of Plaintiff's required courses towards graduation is offered only in the Spring semester at USciences.  Therefore, returning to the University at the beginning of the Fall semester next week – though preferred by Plaintiff – does not meet the level of "emergency" under this Court's precedent.  Moreover, Plaintiff's alleged damages, itemized in Plaintiff's Affidavit as "diminished earning capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress," can be compensated by money damages – a fact that is fatal to Plaintiff's demand for an injunction.

As was the case in Plaintiff's first Motion for Preliminary injunction, Plaintiff has failed to meet his heavy burden to prove that he is entitled to the extraordinary relief of a preliminary injunction.  Therefore, Plaintiff's Motion for Preliminary Injunction should be denied.  To the extent this Court grants Plaintiff's Motion, USciences respectfully requests that Plaintiff be required to post a significant bond to protect USciences from the reputational harm and potential lawsuits that could flow from permitting Plaintiff to return to the university.

In addition to requesting that the injunction be denied, USciences cross-moves for a stay of this litigation pending the outcome of Plaintiff's hearing under USciences' Sexual Misconduct Policy.  The hearing will moot some or all of Plaintiff's allegations, particularly as it relates to the use of the single-investigator model, the lack of a hearing, and the lack of cross-examination – all of which are handled differently under USciences' revised Policy.  Granting a stay would also avoid piecemeal litigation, where a portion of Plaintiff's claims may proceed to discovery before this Court while another portion of Plaintiff's claims are addressed in the university hearing process.

## II. Response to Plaintiff's Motion for TRO and Preliminary Injunction

### A. Legal Standard

A temporary restraining order is an "extraordinary form of relief, designed to temporarily maintain the status quo (generally for 14 days, and on rare occasions for longer) while the parties prepare to litigate the issues on a motion for a preliminary injunction."  Citibank N.A. v. Kyle, No. 15-3298, 2015 U.S. Dist. LEXIS 77504, *6 (E.D.

Pa. June 16, 2015), quoting Pileggi v. Aichele, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012).

A preliminary injunction, too, is an "extraordinary remedy" and "should be granted only in limited circumstances." Id., quoting Kos Pharms., Inc. v. Andrix Corp., 369 F.3d 700, 708 (3d Cir. 2004). To obtain a preliminary injunction, the moving party must prove: (1) "a reasonable probability of eventual success in the litigation," (2) a probability of immediate irreparable injury if the injunction is not granted, (3) that granting an injunction will not cause even greater harm to the other party, and (4) that granting the injunction is in the public interest. Doe v. Princeton Univ., No. 18-16539, 2019 U.S. Dist. Ct. LEXIS 4449 (D.N.J. Jan. 9, 2019), citing Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017). The Court has the discretion to balance these four factors "so long as the party seeking the injunction meets the threshold on the first two." Reilly, 858 F.3d at 176. See id. at 179 (describing the first two factors in this analysis as the "critical factors" and noting that only after these "gateway factors" are met will the court consider the remaining factors and balance all four factors).

### B. Plaintiff Has Failed to Make a Clear Showing of Immediate Irreparable Harm.

One of the "critical" and "gateway" factors that Plaintiff must prove is irreparable harm. The plaintiff must make a "clear showing of immediate irreparable harm" in the absence of a preliminary injunction. Reilly, 858 F.3d at 179; Doe v. Princeton, 2019 U.S. Dist. LEXIS 4449, at **14-15. Plaintiff has failed to make a "clear showing" of "immediate irreparable harm" for at least five separate reasons.

**First**, Plaintiff has not attended USciences since his expulsion became final 19 months ago, in January 2019.  There is nothing mandatory or magical about returning to USciences in the Fall semester; it is simply Plaintiff's preference.

**Second**, to the extent Plaintiff argues that re-enrolling in the University forthwith is necessary to avoid additional delay of his career and earning capacity, those kinds of damages can be compensated by monetary relief.  Therefore, injunctive relief is not necessary or appropriate.  Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) ("In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.  The preliminary injunction must be the *only* way of protecting the plaintiff from harm."), quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).

**Third**, Plaintiff has one semester of coursework remaining, and at least one of Plaintiff's required courses is only offered in the Spring semester.  (See Declaration of Dr. Grace Farber, Plaintiff's University Advisor, attached as Exhibit 1, at ¶¶ 3-4.) Therefore, re-enrolling Plaintiff on an "emergency" basis for the Fall semester is unnecessary and will not expedite Plaintiff's projected graduation date.  Plaintiff himself admits that he had only one semester remaining at the time of his expulsion.  (N.T. 1/28/19 at 11:12-21 ("I was a fourth-year undergraduate student.  So this would have been my last semester attending… on-track to graduate in the spring…"); Amended Complaint (doc. 19) at ¶ 3(d).)

**Fourth**, if any harm exists (as Plaintiff alleges on pages 12 to 13 of his Motion), the purportedly "irreparable harm" already occurred when Plaintiff was expelled from

5

school, denied readmission at the time of this Court's Order denying preliminary injunctive relief, and allegedly (but not actually) branded as a perpetrator of sexual misconduct. This Court's entry of a preliminary injunction now does not un-do what already has been done, and consequently, the harm is not "immediate." Plaintiff's cited cases on this point should be disregarded, both because they relate to a plaintiff's first request for a preliminary injunction early in the litigation, where no harm had yet occurred, and are non-precedential on this Court.

**Fifth**, to the extent Plaintiff complains that a gap in his resume would cause him irreparable harm, that gap is due to his own decisions not to take the MCAT and not to apply to medical school. (N.T. 1/28/19 at 16:15-16, 66:1-16.) Granting a preliminary injunction at this point in time will not eliminate the gap on Plaintiff's resume. Therefore, by definition, Plaintiff cannot make a clear showing that he will suffer immediate irreparable harm in the absence of a preliminary injunction. See Reilly, 858 F.3d at 176, 179. The harm Plaintiff believes he will suffer if the injunction is not granted is speculative at best and based on a single uncorroborated effort to apply to another school. See Doe v. Princeton Univ., No. 18-16539, 2019 U.S. Dist. LEXIS 4449, at *18 (D.N.J. Jan. 9, 2019) (denying a preliminary injunction based, in part, on the plaintiff's failure to prove immediate irreparable harm because "the alleged harm Plaintiff alleges he will suffer is also too speculative.").

For all of these reasons, Plaintiff fails to establish the critical factor of "immediate irreparable harm," and a preliminary injunction should be denied.

### C. Plaintiff Has Failed to Show Probable Success on the Merits of his Breach of Contract Claim.

To prove probable success on the merits, a plaintiff must make a showing "significantly better than negligible." Reilly, 858 F.3d at 179. Plaintiff has failed to prove a substantial likelihood of success on the merits on his breach of contract claim.[2]

Plaintiff's only point in support of this factor is that he will probably succeed on the merits because the Third Circuit concluded that notions of "fairness" included a "live, adversarial hearing" and the cross-examination of witnesses. (Doc. 58 at 11.) USciences is prepared to give Plaintiff the hearing he has demanded and that which the Third Circuit has directed he be given on September 10, 2020. (See Declaration of Jessica White Rickmond, USciences' Title IX Coordinator, attached as Exhibit 2, at ¶ 2 and at Exhibit A (Notice of Hearing).)[3] The provision of the hearing and cross-examination, as opposed to the "single-investigator model," where one individual hired by the University both investigated the allegations and made findings of Plaintiff's

---

[2] Plaintiff only argues the likelihood of success on the merits with respect to his breach of contract claim. (Plaintiff's Motion (doc. 58) at 10 n.1 ("Plaintiff also has a viable Title IX selective enforcement claim… However, given the decision of the Third Circuit on the breach of contract claim, Plaintiff does not believe it necessary to address the selective enforcement claim in this Motion.").) Therefore, USciences will only address the breach of contract claim.

[3] USciences' Title IX Coordinator intended to send the unredacted Notice of Hearing to Plaintiff today, but Plaintiff's counsel has refused to allow USciences to communicate with Plaintiff about the hearing. (Exhibit 2 at ¶ 3.) USciences' counsel has requested that, to the extent Plaintiff's counsel wishes to receive communications from USciences about the hearing, and in accordance with the Family Educational Rights and Privacy Act (FERPA), Plaintiff himself must send an email to the Title IX Coordinator expressly authorizing such communication. (Id. at ¶ 4.) As of the time of this filing, in an effort to thwart the hearing process, Plaintiff's counsel have refused to have their client send a simple email.

7

responsibility for two violations of the University's Sexual Misconduct Policy, will eliminate certain of Plaintiff's allegations and issues. Whether Plaintiff will succeed on the merits of the case after certain of his allegations are mooted is anything but clear or probable at this point in the litigation. Accordingly, Plaintiff is unable to establish probable success on the merits.

### D. To the Extent this Court Grants Plaintiff's Motion, Plaintiff Should Be Required to Post a $1 Million Bond.

For the reasons set forth above, USciences respectfully requests that this Court deny Plaintiff's Motion. To the extent that this Court grants Plaintiff's Motion, however, USciences respectfully requests that Plaintiff be required to post a significant bond pursuant to Rule 65 of the Federal Rules of Civil Procedure. Under Rule 65, the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ P. 65(c).

Permitting Plaintiff to return to USciences could subject the University to substantial reputational harm and the potential of additional lawsuits by the complainants or others. As a result, Plaintiff should be required to post a bond of $1 million to protect USciences from such damages.

### III. Cross-Motion to Stay Litigation Pending Outcome of University Hearing

In addition to denying Plaintiff's Motion, USciences respectfully seeks a stay of the instant litigation pending the outcome of Plaintiff's university hearing. As Plaintiff has demanded, and as the Third Circuit directed, USciences is providing Plaintiff with a hearing to adjudicate the underlying allegations of sexual misconduct. That hearing is

scheduled for September 10, 2020. (See Exhibit 2 at ¶ 2 and at Exhibit A (Notice of Hearing).) Because there is no emergency is re-enrolling Plaintiff to USciences, for the reasons set forth in Section II.B. above, there is no harm in staying the instant litigation for a few weeks to avoid piecemeal litigation and the potential mootness of some or all of the allegations in the Amended Complaint.

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Razak v. Uber Techs., Inc., No. 16-573, 2016 U.S. Dist. LEXIS 95086, at *7 (E.D. Pa. July 21, 2016) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). See also Cost Bros., Inc. v. Travelers Indem. Co., 760 F.2d 58, 60-61 (3d Cir. 1985) (noting the court's discretionary authority to grant a motion to stay). Courts in this Circuit engage in a balancing analysis to determine if a stay is appropriate. Razak, 2016 U.S. Dist. LEXIS 95086, at *7. These factors include "(1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." Brandywine Vill. Assocs. v. Carlino E. Brandywine, L.P., No. 16-5209, 2018 U.S. Dist. LEXIS 133074, at *10 (E.D. Pa. Aug. 8, 2018). See also City of New Castle v. Purdue Pharma L.P., No. 18-1472, 2018 U.S. Dist. LEXIS 119113, at *6 (E.D. Pa. July 16, 2018), quoting Cirulli v. Bausch & Lomb, Inc., No. 08-4579, 2009 U.S. Dist. LEXIS 16789, at *5 (E.D. Pa. Mar. 4, 2009)). Courts must consider the time and effort of counsel and the litigants with a view toward a policy of avoiding piecemeal litigation. Stadler v. McCulloch, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995), quoting

9

Landis, 299 U.S. at 254; Bruner v. Aqua Pura Spring Water, No. 89-0224, 1990 U.S. Dist. LEXIS 2327 *3 (E.D. Pa. Mar. 1, 1990) (granting a stay and stating that "the avoidance of piece-meal litigation, weighs in favor of granting defendant's motion for stay.").

An analysis of these factors weighs in favor of a stay. First, the length of the stay is approximately four weeks, with a hearing scheduled for September 10, 2020 and a report due by the hearing officer one week later. Because this amount of time is minimal, this factor weighs in favor of a stay.

Second, in balancing the harms between the parties, this factor weighs in favor of USciences. To immediately reinstate Plaintiff as a USciences student without requiring a hearing process causes potential reputational harm to USciences. Students or faculty who were aware of the allegations may see Plaintiff's reinstatement as USciences' absolute and unequivocal forgiveness of Plaintiff's underlying conduct or as indifference or willful ignorance of the complaints of sexual misconduct made against Plaintiff, without so much as a process or hearing to determine Plaintiff's innocence or guilt. In contrast, the harm to Plaintiff by staying the litigation for another four weeks – when he has already been out of school for 19 months – is minimal. Any arguable delay in the career or earning capacity of Plaintiff – though speculative, at best – is quantifiable with money damages and cannot support Plaintiff's request for injunctive relief.

Third, granting a stay will help to streamline and simplify the issues and promote judicial economy. To allow USciences the minimal amount of time required to give Plaintiff the relief he seeks – a hearing – will moot some or all of the issues raised in the Amended Complaint. By way of example only, after the hearing on September 10,

whether Plaintiff is found responsible for the underlying sexual misconduct again and expelled, whether he is found to be responsible and given a sanction less than expulsion, or whether he is found not to be responsible, he will be unable to argue that (i) he should have been entitled to a hearing and the right of cross-examination, (ii) he did not receive the "fundamental fairness" to which he claims he is entitled, or (iii) a single investigator served to "investigate, evaluate, prosecute and render judgment." (See, e.g., Amended Complaint (doc. 19) at ¶¶ 58, 68-73, 95(b), 116, 116(5).)[4]  Without a stay, certain issues may proceed to discovery in this case, while others are pursued and addressed through the university hearing, thereby leading to piecemeal litigation – something this Court should seek to avoid.  Accordingly, a stay should be granted to avoid piecemeal litigation and promote judicial economy.

---

[4] To the extent this Court does not stay the litigation, USciences respectfully requests an order directing that, within fourteen (14) days of the Court's Order, either (i) Plaintiff file an amended complaint to include only those arguments properly preserved by Plaintiff's appeal or (ii) USciences' file an Answer to the Amended Complaint.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's second Motion for a Preliminary Injunction should be denied, and USciences' Cross-Motion to Stay the Litigation Pending the Outcome of the University Hearing should be granted.  In the alternative, if Plaintiff's Motion is granted, Plaintiff should be required to post a bond of $1,000,000 pursuant to Rule 65.  Proposed alternative orders are attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date: August 24, 2020

/s/ Leslie Miller Greenspan
Joe H. Tucker, Jr., Esquire
Leslie Miller Greenspan, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
Attorneys for Defendant,
University of the Sciences

## **CERTIFICATE OF SERVICE**

I, Leslie M. Greenspan, Esquire certify that on this date, I caused a copy of the foregoing document to be electronically filed through the Court's ECF System and that a notice of electronic filing will be generated to all counsel of record, thereby constituting service of the document.

**TUCKER LAW GROUP, LLC**

Date:  August 24, 2020	/s/ Leslie Miller Greenspan
	Leslie Miller Greenspan, Esquire