UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | Case Number: 2:19-cv-00358 |
| Plaintiff-, | Judge: SANCHEZ |
| v. | REPLY TO RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| UNIVERSITY OF THE SCIENCES. | |
| Defendants-Appellees | |

Plaintiff John Doe respectfully submits this Reply to the Response in Opposition to Plaintiff's Motion for Summary Judgment. (Doc#71, Doc#85.)

### 1.  There Is No Dispute About The Essential Facts Justifying Partial Summary Judgment As To Liability

The essential facts remain undisputed. They are admitted by the University:

- A number of contractual provisions require the University to provide a fundamentally fair process. (Statement of Facts ¶13; Response ¶5. *See also* Response ¶5 ("Admitted that the University enacted a Sexual Misconduct Policy, which was attached to the Amended Complaint as Exhibit A, and that this policy was in place at the time of the alleged sexual misconduct.").)

- Plaintiff did not receive a live, adversarial hearing during which he could put on a defense and challenge evidence against him prior to his expulsion. (Statement of Facts ¶27; Response ¶27 ("Admitted that the University's 2018 Policy did not provide for a 'live, adversarial hearing' or cross-examination of the parties.").)

The Third Circuit's decision made clear that failure of the University to provide a hearing was a breach of the contractual guarantee of a fair process. *Doe v. Univ. of the Sciences*, 961 F.3d 203, 214 (3d Cir. 2020). There is no material issue of fact, here. *See also* Memorandum [Denying Motion for Preliminary Injunction] (Doc#77) at 6 ("The University's policies required a live, adversarial hearing, where Doe

1

could cross-examine witnesses. The University concedes Doe did not receive such a hearing prior to his expulsion.").

The University suggests, instead, that Summary Judgment is not appropriate because Plaintiff relies only on affidavits described as "self-serving." Def. Opp. at 7-8. The University does not suggest *why* the Affidavits submitted by Plaintiff should be characterized as self-serving, especially since the Affidavits (i) establish and describe specific undisputed facts and (ii) are not conclusory. More to the point, the University does not suggest that any information contained within the Affidavits is false or misleading. *Cf. United States v. Gilbert*, S.D.N.Y. No. S80 Cr. 493, 1989 U.S. Dist. LEXIS 15530, at *7 (Dec. 21, 1989) ("testimony, while self-serving, may nonetheless be true"). Nor does the University submit any contrary affidavits.

The Third Circuit recently rejected Plaintiff's argument that affidavits from litigants can be summarily dismissed for Rule 56 purposes merely by describing them as "self-serving." In *Lupyan v. Corinthian Colleges, Inc.*, 761 F.3d 314 (3d Cir. 2014), the court observed that "a single, non-conclusory affidavit… when based on personal knowledge and directed at a material issue, is sufficient" for summary judgment purposes "even if the affidavit is 'self-serving.'" 761 F.3d at 320-321, *quoting Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 161-63 (3d Cir. 2009). The Third Circuit explained:

> As with any other kind of evidence, the declarant's interest in the outcome is merely one factor for the ultimate finder of fact to weigh in determining the reliability of the evidence. It is not a reason to automatically reject the evidence. Indeed, the testimony of a litigant will almost always be self-serving since few litigants will knowingly volunteer statements that are prejudicial to their case. However that has never meant that a litigant's evidence must be categorically rejected by the fact finder.

*Lupyan*, 761 F.3d at 321 n.2. *See also Velázquez-García v. Horizon Lines Of Puerto Rico, Inc.,* 473 F.3d 11, 17 (1st Cir. 2007) (a "party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment"); *Page v. Payless ShoeSource, Inc.*, D.N.J. No. 10-2793, 2012 U.S. Dist. LEXIS 1004, at *19 (Jan. 5, 2012) ("the Court will not summarily reject plaintiff's deposition testimony as self-serving");

*Poff v. Prime Care Med., Inc.*, M.D.Pa. No. 1:13-CV-03066, 2015 U.S. Dist. LEXIS 37980, at *32 (Mar. 25, 2015) (plaintiff's evidence "was detailed concerning the events at issue… to the extent that [defendants] suggest that we disregard [plaintiff's] testimony because it is self-serving, we refuse that request").

**2.     The Third Circuit Did Not Make "New Law."**

The University suggests in a number of instances that the Third Circuit's opinion in this case is "new law."  *See e.g.* Opposition at 2,3; Response to Statement of Facts ¶¶12, 27, 66.  Putting aside whether this has any practical significance for this Motion, the University's characterization of the Third Circuit's opinion is incorrect.  The Third Circuit relied upon and interpreted previously existing Pennsylvania law in evaluating the breach of contract claim – Section B(1) of the opinion includes a detailed description of Pennsylvania law on this issue.  The Third Circuit relied on a number of prior Pennsylvania decisions.  961 F.3d at 214 *citing inter alia Ruane v. Shippensburg Univ.*, 871 A.2d 859, 862 (Pa. Commw. Ct. 2005); *PSI Upsilon of Philadelphia v. Univ. of Pennsylvania*, 591 A.2d 755 (1991); *Reardon v. Allegheny College*, 926 A.2d 477 (2007); *Boehm v. Univ. of Pennsylvania School of Veterinary Medicine*, 573 A.2d 575 (1990).  The court said multiple times that it was relying on *pre-existing* Pennsylvania law: "Pennsylvania courts have made clear…";  "In other private-university cases, Pennsylvania courts have similarly determined that…"; "[N]otions of fairness in Pennsylvania law include…" 961 F.3d at 214.

The University, by making this argument, demonstrates a fundamental misunderstanding of the role of a federal court sitting in diversity deciding a matter of state law.  Sitting in diversity, the Third Circuit was called upon to apply Pennsylvania, not Federal, law.[1] *Hanna v. Plumer*, 380 U.S. 460

---

[1] For this reason, the University's claim that, "Prior to the Third Circuit's decision in this case, there was no requirement in the Third Circuit for a live, adversarial hearing… in the context of a university disciplinary matter," is not well taken. Def. Opp. at 1, *citing Doe v. Princeton Univ.*, D. N.J. No. 18-16539, 2019 U.S. Dist. Ct. LEXIS 4449, **19-20 (Jan. 9, 2019). As noted *supra*, the Third Circuit found that Pennsylvania law imposed those requirements, and relied on Pennsylvania state court

3

(1965). The Third Circuit did not, *and could not,* make new law. "It is not the place of a federal court sitting in diversity to create new law based on our view, or a litigant's view" of the law. *Miller v. Augusta Mut. Ins. Co.*, 157 F.App'x 632, 640 (4th Cir. 2005), *citing Private Mortgage Inv. Servs., Inc. v. Hotel & Club Assocs., Inc.,* 296 F.3d 308, 312 (4th Cir. 2002). *See also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941) ("the proper function of the… federal court is to ascertain what the state law is, not what it ought to be"); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 17 (1st Cir. 1999)( "Unlike a state court, the federal courts, in diversity cases, are not free to overrule existing state precedent or chart the future course of state law in such manner as we may see fit.") (citation omitted); *Howse v. Zimmer Mfg. Co.*, 757 F.2d 448, 451 (1st Cir. 1985) ("in diversity cases the federal courts do not undertake to restructure state law"); *Barlow v. DeVilbiss Co.*, 214 F. Supp. 540 (E.D.Wis. 1963) ("the proper function of this court in diversity cases is to apply state law as it now exists and not to make new law").

**3.    This Court May Grant Partial Summary Judgment Prior To Discovery.**

While courts may disfavor partial summary judgment motions made prior to the completion of discovery, a motion at this time is specifically authorized by Rule 56(b) and is appropriate where the motion does not depend on any facts likely to be developed in discovery.[2] *See e.g. United States v. E. River Hous. Corp.*, 90 F. Supp. 3d 118, 139 n. 21 (S.D.N.Y.2015) ("Defendant's motion for partial summary judgment… rests entirely on the procedural and legal bases of this action rather than on any material likely to emerge in discovery."); *Fluharty v. Peoples Bank, NA*, S.D.W.Va. No. 3:17-4220, 2018 U.S. Dist. LEXIS 72867, at *2 (May 1, 2018) (permitting party "to file for partial summary judgment prior to the completion of discovery because the record and evidence on the issue… is clear at this point"); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (a party's "entitlement to

---

decisions that were, in some instances, decades old. The case cited by Defendant relied on New Jersey law. 2019 U.S. Dist. Ct. LEXIS 4449, at *25-27.

[2] Fed. R. Civ. P. 56(b) provides, "a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery." (Emphasis supplied.)

discovery prior to ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed… to withstand a motion for summary judgment").[3]  The University has not shown how discovery will enable it to defeat the summary judgment motion.

If the University believes that it needs discovery, Fed. R. Civ.P. 56(d) specifies the procedure to be followed.  *Commonwealth v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012); *Dowling v. City of Phila.*, 855 F.2d 136, 138-39 (3d Cir. 1988).  Rule 56(d) permits the University to request that the Court defer ruling on this Motion in order to permit discovery.[4]  However, to claim the benefit of Rule 56(d), the University was required to make a showing *by affidavit* "setting forth why the time is needed." *Pastore v. Bell Tel. Co. of P*a., 24 F.3d 508, 510-11 (3d Cir. 1994).  The Third Circuit has "underscored the benefits of technical compliance" with Rule 56(d) and its accompanying affidavit requirement.  *St. Surin v. V.I. Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994). 1313-14.  The Third Circuit has held that "in all but the most exceptional cases, failure to comply with [Rule 56(d)] is fatal to a claim of insufficient discovery."  *Bradley v. United States*, 299 F.3d 197, 207 (3d Cir. 2002). *See also Dowling*, 855 F.2d at 139 (noting that "[m]ost courts which have considered the issue agree that filing an affidavit is necessary for the preservation of a Rule [56(d)] contention that summary judgment should be delayed pending further discovery").[5]  This failure to submit any affidavit, alone, makes the

---

[3] Plaintiff has moved for partial summary judgment on the issue of liability on his breach of contract claim.  Granting such a motion now would serve to streamline the case and any future discovery.  *Cf. Foltz v. U.S. News & World Report, Inc.*, 663 F.Supp. 1494, 1498 (D.D.C.1987) ("many of the factual and legal issues originally presented were significantly narrowed by pretrial proceedings and motions for summary judgment"); *United States v. Amtreco, Inc.*, 809 F.Supp. 959, 963 (M.D.Ga.1992) (considering motion for partial summary judgment on liability "[i]n order to narrow the issues").

[4] The University arguably has not asserted this argument properly through a separate motion for a continuance under Rule 56(d).  Regardless, Rule 56(d) may not be invoked by the mere assertion that discovery is incomplete.

[5] In a recent decision, the Third Circuit found that a district court should have permitted discovery instead of grating early summary judgment.  *Hart v. City of Philadelphia*, 779 F.App'x 121, 128 (3d Cir. 2019).  However, the party opposing summary judgment in that case did what the University has not

5

University's argument improper. *See e.g. Casco v. Ponzios RD, Inc.*, D.N.J. No. 16-2084, 2019 U.S. Dist. LEXIS 65320, at *16 (Apr. 17, 2019) ("The Court will not delay ruling on summary judgment because Defendant's request is procedurally improper.").

Even if the Court excuses the failure of the University to submit a proper Rule 56(d) request supported by an affidavit, the University has, still, failed to identify with specificity what particular information is sought. The Third Circuit has observed that delay may be warranted where, for example, relevant facts are under the control of the party moving for summary judgment. *San Filippo v. Bongiovanni*, 30 F.3d 424, 432 (3d Cir. 1994). That is not this case. And, significantly, other than general complaints about the Motion being premature, the University fails to identify with specificity what particular information would be sought in discovery; how, if uncovered, the information would preclude summary judgment; and why, especially considering that all of the evidence in this case is in the possession of the University, it has not previously been obtained. *Sebelius*, 674 F.3d at 157 (requiring "a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained"), *quoting Dowling*, 855 F.2d at 139-40.

---

done: "specified the facts he wanted to explore through discovery and explained why he otherwise lacked access to that information." Similar, in *St. Surin*, the Third Circuit held that the district court abused its discretion by granting defendant's motion for summary judgment where the party opposing summary judgment "identifie[d] two specific depositions that had not yet been taken" and stated, further, that the party "had no other method of securing the evidence." 21 F.3d at 1314.

### 4. Plaintiff Is Entitled To Damages AND Permanent Injunctive Relief

The University does not suggest that Plaintiff is not entitled to damages on his breach of contract claim. Thus, at a minimum, the Court may grant the Motion as to liability and set the issue for a bifurcated trial on damages on a later date (following discovery on the issue of damages).

Plaintiff is also entitled to an immediate Order vacating any disciplinary records and findings related to the allegations of sexual misconduct described in the Amended Complaint. Plaintiff has cited a number of cases involving similar claims by students accused of misconduct where Courts have granted this relief *after entering judgment in favor of the student*. *See* Pl. Memo. at 9-10 *citing Doe v. Visitors of George Mason*, 179 F. Supp. 3d 583, 587-88 (E.D. Va. 2016); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Trustees of Boston College et al*, D. Mass. No. 1:15-cv-10790 (Docket Entry #200, May 14, 2020). Defendant makes no effort to distinguish the analysis contained in these cases beyond remarking on the procedural posture and observing that the decisions are not binding (but Plaintiff never suggested they were). *See* Def. Opp. at 10 n. 5. But, notably, many of these cases are similar procedurally. In the *George Mason* and *Boston College* cases, the students, as in this case, did not obtain preliminary injunctive relief. The *George* Mason court, for example, observed that, like in this case, a permanent injunction was warranted because the student's education had been delayed by unlawful actions. The court observed, "The clock cannot be turned back…" and that the student would "complete his education…, if at all, several months or years behind the majority of his peers with whom he matriculated." 179 F. Supp. 3d at 588. The court said that permanent injunctive relief was necessary: "given the nature of the charges it is important to order a remedy that removes any stain on plaintiff's reputation and allows plaintiff to complete his education." *Id.*

## CONCLUSION

This Court should enter partial summary judgment in favor of Plaintiff as to liability on the breach of Contract Claim in Count II of the Amended Complaint. The Court should issue permanent injunctive relief vacating the adverse finding, expunging Plaintiff's record, and prohibiting the school from reporting or disseminating information about the matter to any third-party inquiring about Plaintiff. This matter should then be set for trial on the issue of damages along with the trial on Plaintiff's remaining claims.

Respectfully submitted,

/s/ Riley H. Ross III
Riley H. Ross III
MINCEY FITZPATRICK ROSS, LLC
Two Penn Center
1500 JFK Blvd., Suite 1525
Philadelphia, PA 19102

Joshua Adam Engel (OH 0075769)
*Pro hac vice*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the ECF System this September 29, 2020 upon all counsel of record.

/s/ Joshua Engel
Joshua Engel